| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Wojciech F. Jung<br>Edward L. Schnitzer<br>Womble Bond Dickinson (US) LLP<br>888 Seventh Avenue, 38th Floor<br>New York, NY 10106<br>Telephone: 332.258.8400<br>Wojciech.Jung@wbd-us.com<br>Edward.Schnitzer@wbd-us.com<br><br>*Counsel to Kayser-Roth Corporation* |

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |
| Thomas A. Pitta, as Trustee of the RAD Sub-Trust A,<br><br>　　　　　Plaintiff,<br>v.<br><br>Kayser-Roth Corporation,<br><br>　　　　　Defendant. | Adv. Proc. No. 25-01906 (MBK) |

**KAYSER-ROTH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant Kayser-Roth Corporation ("Kayser-Roth"), by and through its undersigned counsel Womble Bond Dickinson (US) LLP, as and for its answer (the "Answer") to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims*

*Pursuant to 11 U.S.C. § 502*, dated October 10, 2025 (the "Complaint") hereby admits, denies and alleges, as follows:[1]

## NATURE OF THE CASE

1. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint calls for a legal conclusion for which no response is required.

4. Paragraph 4 of the Complaint calls for a legal conclusion for which no response is required. Kayser-Roth does not consent to entry of final orders or judgment by the bankruptcy court.

5. Paragraph 5 of the Complaint calls for a legal conclusion for which no response is required.

6. Paragraph 6 of the Complaint calls for a legal conclusion for which no response is required.

## PROCEDUREAL BACKGROUND

7. Kayser-Roth admits the allegations contained in Paragraph 7 of the Complaint.

8. Kayser-Roth admits the allegations contained in Paragraph 8 of the Complaint.

9. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

---

[1] Kayser-Roth denies each and every allegation of the Complaint not expressly and specifically admitted below.

10. Kayser-Roth states the Confirmation Order speaks for itself and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

## THE PARTIES

11. Kayser-Roth states the Plan, Confirmation Order and Trust Agreement speak for themselves and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Kayser-Roth admits the allegations contained in Paragraph 12 of the Complaint.

## FACTUAL BACKGROUND

13. Kayser-Roth states that the Disclosure Statement speaks for itself and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Kayser-Roth states the Disclosure Statement speaks for itself and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Kayser-Roth admits that it received certain payments from the Debtors during the Preference Period, but denies knowledge or information sufficient to form a belief as to the truth of the contents of Exhibit A.

19. Kayser-Roth admits receiving certain payments from the Debtors during the Preference Period but denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Kayser-Roth admits receiving a Demand Letter from Plaintiff but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Kayser-Roth denies the allegations contained in Paragraph 22 of the Complaint.

23. Kayser-Roth denies the allegations contained in Paragraph 23 of the Complaint as Plaintiff did not perform an ordinary course of business analysis.

24. Kayser-Roth denies the allegations contained in Paragraph 24 of the Complaint.

25. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, denies Plaintiff's asserted right to amend the Complaint after the expiration of the section 546 limitation period, and reserves all rights accordingly.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Avoidance of Preference Period Transfers– 11 U.S.C. § 547)**

26. Kayser-Roth repeats and realleges the responses set forth in Paragraphs 1 through 25 above with respect to the allegations contained in Paragraph 26 of the Complaint.

27. Kayser-Roth admits that it received the transfers during the Preference Period but denies the remainder of the allegations contained in Paragraph 27 of the Complaint.

28. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Kayser-Roth admits that it supplied goods and/or services to the Debtors for which the Debtors were obligated, but otherwise denies the allegations contained in Paragraph 29 of the Complaint.

30. Kayser-Roth admits that it supplied goods and/or services to the Debtors for which the Debtors were obligated, but otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31. Kayser-Roth admits that each Transfer was made on account of a debt, but otherwise denies the allegations contained in Paragraph 31 of the Complaint.

32. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Kayser-Roth admits the allegations contained in Paragraph 33 of the Complaint.

34. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Kayser-Roth denies the allegations contained in Paragraph 35 of the Complaint.

## Second Claim for Relief

### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

36. Kayser-Roth repeats and realleges the responses set forth in Paragraphs 1 through 35 above with respect to the allegations contained in Paragraph 36 of the Complaint.

37. Kayser-Roth denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Kayser-Roth denies the allegations contained in Paragraph 38 of the Complaint.

### Third Claim for Relief

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

39. Kayser-Roth repeats and realleges the responses set forth in Paragraphs 1 through 38 above with respect to the allegations contained in Paragraph 39 of the Complaint.

40. Kayser-Roth denies the allegations contained in Paragraph 40 of the Complaint.

41. Kayser-Roth admits that Kayser-Roth received certain transfers, but otherwise denies the rest of the allegations contained in Paragraph 41 of the Complaint.

42. Kayser-Roth denies the allegations contained in Paragraph 42 of the Complaint.

### Fourth Claim for Relief

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

43. Kayser-Roth repeats and realleges the responses set forth in Paragraphs 1 through 42 above with respect to the allegations contained in Paragraph 43 of the Complaint.

44. Kayser-Roth denies the allegations contained in Paragraph 44 of the Complaint.

45. Kayser-Roth denies the allegations contained in Paragraph 45 of the Complaint.

46. Kayser-Roth denies the allegations contained in Paragraph 46 of the Complaint.

47. Kayser-Roth denies the allegations contained in Paragraph 47 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (As to All Claims for Relief)

48. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

### SECOND AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

49. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid the Transfers because the Transfers by Debtors to Kayser-Roth were in payment of a debt incurred by Debtors in the

ordinary course of business of the Debtors and Kayser-Roth, and the Transfers by the Debtors to Kayser-Roth were made in the ordinary course of business of the Debtors and Kayser-Roth.

50. The claims set forth in the Complaint were retained by the Reorganized Debtors under Section I.A.42(c) of the Plan, and thus were not assigned to the Plaintiff pursuant to the Plan as Assigned Claims.

51. As of the filing of the Complaint, Plaintiff was not the holder of the claims asserted in the Complaint, and thus did not have the right to pursue them.

52. Plaintiff's purported purchase of the claims asserted in the Complaint is of no effect because such purchase occurred on October 25, 2025, *after* the filing of the Complaint. *See* §2.3(a) of the *Purchase and Sale Agreement*, annexed as Exhibit 1 to the *Order Approving The Sale Of The Retained Preference Claims To RAD Sub-Trust A, Pursuant To Section 363 Of The Bankruptcy Code And Granting Related Relief*, Case No. 25-14861 (Bankr.D.N.J.) [Docket No. 2878].

### THIRD AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

53. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid one or more of the Transfers because one or more of the Transfers by Debtors to Kayser-Roth were in payment of a debt incurred by Debtors in the ordinary course of business of the Debtors and Kayser-Roth, and one or more of the Transfers by the Debtors to Kayser-Roth were made according to ordinary business terms.

### FOURTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

54. Pursuant to 11 U.S.C. § 547(c)(4), Plaintiff may not avoid one or more of the Transfers, because:

    (a)    after each Transfer, Kayser-Roth gave new value to or for the benefit of Debtors;

    (b)    such new value was not secured by an otherwise unavoidable security interest; and

    (c)    Debtors did not make an otherwise unavoidable transfer to or for the benefit of Kayser-Roth on account of such new value.

55. The new value that Kayser-Roth gave to Debtors was in amounts sufficient to significantly diminish some or all of any recovery that Plaintiff alleges it is entitled to in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(As to First Claim for Relief)**

56. Pursuant to 11 U.S.C. § 547(c)(1), Plaintiff may not avoid one or more of the Transfers, because:

    (a)    one or more of the Transfers were intended by Debtors and Kayser-Roth to be a contemporaneous exchange for new value given to Debtors; and

    (b)    one or more of the Transfers were in fact a substantially contemporaneous exchange for new value given to Debtors.

**SIXTH AFFIRMATIVE DEFENSE**
**(As to First and Second Claims for Relief)**

57. One or more of the Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

**SEVENTH AFFIRMATIVE DEFENSE**
**(As to Second Claim for Relief)**

58. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Transfers were taken for value and in good faith.

**EIGHTH AFFIRMATIVE DEFENSE**
**(As to Second Claim for Relief)**

59. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because Kayser-Roth gave fair consideration to the Debtor transferor in exchange for the Transfers.

### NINTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

60. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor received reasonably equivalent value on account of the Transfers.

### TENTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

61. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor was not insolvent and was not rendered insolvent by the Transfers.

### ELEVENTH AFFIRMATIVE DEFENSE
### (As to Third Claim for Relief)

62. Since the Transfers are not avoidable pursuant 11 U.S.C. § 547 or 548, they are not recoverable pursuant 11 U.S.C. § 550.

### TWELFTH AFFIRMATIVE DEFENSE
### (As to All Claims for Relief)

63. Plaintiff is not entitled to recover interest, costs, expenses and legal fees incurred in connection with this Adversary Proceeding because of the defenses Kayser-Roth has to each and every Claim for Relief of the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

64. Plaintiff is not entitled to any recovery due to the Plaintiff's failure to conduct "reasonable due diligence in the circumstances of the case", as set forth in section 547(b) of the Bankruptcy Code.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

65. Plaintiff is not entitled to any recovery due to the Plaintiff's failure to "take[] into account [Kayser-Roth's] known or reasonably knowable affirmative defenses under subsection (c)", as set forth in section 547(b) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

66. Kayser-Roth reserves the right to amend this Answer and assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, Kayser-Roth respectfully requests judgment:

(a) dismissing the Complaint with prejudice;

(b) for the costs and disbursements of this Adversary Proceeding; and

(c) for such other and further relief as the Court deems just and proper.

Dated: January 16, 2026  
New York, New York

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Wojciech F. Jung*
Wojciech F. Jung
Edward Schnitzer
WOMBLE BOND DICKINSON (US) LLP
888 Seventh Avenue, 38th Floor
New York, NY 10106
Telephone: 332.258.8400
Wojciech.Jung@wbd-us.com
Edward.Schnitzer@wbd-us.com

*Counsel for Kayser-Roth Corporation*